IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TEDIE ROCHELE BARROW, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO: 1:23-cv-220-ECM |
| | ) | (WO) |
| FLOWERS HOSPITAL | ) | |
| ADMINISTRATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On April 20, 2023, *pro se* plaintiffs Tedie Rochelle Barrow, April Thomas and Jawon Thomas filed this action against defendants Flowers Hospital, D. Hein Dao, and Philip Wilson, D.O. (Doc. 1). According to the Plaintiffs, the Defendants failed to provide appropriate care for their brother who subsequently died of kidney failure. *See* Doc. 1 at 6. They assert that this Court has diversity jurisdiction over this matter. *Id.* at 1 and 3.

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3) requires that

"[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This Court operates under an independent obligation to examine its own jurisdiction which continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

It does not appear from a review of the complaint that the Plaintiffs present a federal question to invoke this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. While this Court also has jurisdiction over actions involving citizens of different states, the plaintiffs must be diverse from the defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(b). From the facts asserted in the complaint, although the amount in controversy exceeds the jurisdictional prerequisite, it appears that all Plaintiffs and Defendants are citizens of Alabama. Thus, the Court does not have diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332. Consequently, on the face of the complaint, it does not appear that this Court has jurisdiction over this matter. Accordingly, it is

ORDERED that on or before **April 4, 2023**, the Plaintiffs shall show cause why this case should not be dismissed for lack of subject matter jurisdiction. **The Plaintiffs are advised that if they fail to respond to respond to this order with specificity, the Court will treat their failure to respond as an abandonment of the claims set forth in the**

**complaint.  The Plaintiffs are further cautioned that if they fail to file a response in accordance with the directives of this order, the Court will dismiss this case.**

DONE this 20th day of April, 2023.

                                       /s/ Emily C. Marks  
                              EMILY C. MARKS  
                              CHIEF UNITED STATES DISTRICT JUDGE