IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TEDIE ROCHELLE BARROW, *et al*., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO: 1:23-cv-220-ECM |
| ) | (WO) |
| FLOWERS HOSPITAL ) | |
| ADMINISTRATION, *et al*., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

On April 19, 2023, *pro se* plaintiffs Tedie Rochelle Barrow, April Thomas and Jawon Thomas filed this action against defendants Flowers Hospital, D. Hein Dao, and Philip Wilson, D.O. (Doc. 1). According to the Plaintiffs, the Defendants failed to provide appropriate care for their brother who subsequently died of kidney failure. *See* Doc. 1 at 6. They assert that this Court has diversity jurisdiction over this matter. *Id*. at 1 and 3.

On April 24, 2023, the Court ordered the Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. 6). Plaintiff Barrow filed a response on May 4, 2023. (Doc. 11). Upon review of the complaint, and the Plaintiff's response, the Court concludes that this case should be dismissed prior to service for lack of subject matter jurisdiction.

**DISCUSSION**

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th

Cir. 1994). It is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, Rule 12(h)(3) of the Federal Rules of Civil Procedure requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This Court operates under an independent obligation to examine its own jurisdiction, which continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

The Plaintiff asserts that this Court has federal question jurisdiction because Flowers Hospital is federally funded, and she cites to the Federal Tort Claims Act. The Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., permits administrative claims against the United States. The fact that Flowers Hospital may receive federal funding does not bring it within the ambit of the Federal Tort Claims Act. A review of the complaint reveals that the Plaintiff does not allege a cause of action premised on a federal question. Consequently, the Court does not have federal question jurisdiction over this matter. *See* 28 U.S.C. § 1331.

The Plaintiff next alleges that the Court has diversity jurisdiction over this matter because she was born in Colorado, Defendant Dao is Vietnamese, and Defendant Wilson is licensed in several states. For the Court to have diversity jurisdiction over this matter, the parties must be citizens of different states, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(b).

> We have held that the law is clear regarding a federal court's limited subject matter jurisdiction; specifically, we only have the authority to decide certain types of cases. *See Smith v. GTE Corporation,* 236 F.3d 1292, 1299 (11th Cir.2001) (citing *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1260–61 (11th Cir.2000)). Further, the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *See Scoggins* 727 F.2d at 1026.

*McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Citizenship for the purpose of establishing diversity jurisdiction is a legal term of art, and the Court looks to the parties' domicile to determine whether the parties are diverse. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *Id.* at 1257. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom...." *Id*. at 1257–58.

From the facts asserted in the complaint, it appears that the Plaintiffs and the Defendants are citizens of Alabama because the parties are domiciled in Alabama. The Plaintiff has failed to allege sufficient facts from which the Court could conclude that the parties are diverse. *See* 28 U.S.C. § 1332.

In short, this Court lacks jurisdiction over the Plaintiffs' claims, and this case is due to be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

DONE this 11th day of May, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE